UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD E. ROBINSON,

    Plaintiff,                                  CASE NO. 04-CV-10044-BC

v.

                                            DISTRICT JUDGE DAVID M. LAWSON
COMMISSIONER OF                     MAGISTRATE JUDGE CHARLES E. BINDER
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**
(Dkt. 21)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act be **GRANTED**, and that Attorney Howard Slusky be awarded attorney fees under the EAJA in the total amount of $3,150.00, representing 24 hours of attorney time at the rate of $131.25.

## II.    REPORT

### A.  Introduction

Pending, pursuant to an Order of Reference from United States District Judge David M. Lawson, is the above-entitled motion. Defendant Commissioner has filed a response opposing the motion. (Dkt. 22.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Attorney Howard Slusky has represented Plaintiff throughout the pendency of this case. On September 17, 2004, I issued a Report and Recommendation, recommending that the findings of the Commissioner be reversed and that the case be remanded for an award of benefits. (Dkt. 7.) On January 4, 2005, Judge Lawson adopted the Report and Recommendation. (Dkt. 20.)

The instant motion was filed April 5, 2005. Counsel for Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $3,150.00 for his time spent on this case. Specifically, counsel states that he has incurred 24 hours of attorney time at the rate of $131.25 per hour.

**B. Law and Analysis**

In order to recover fees and expenses under the EAJA, (1) the plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no special circumstances must make an award of fees unjust, and (4) plaintiff must submit a timely fee application. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). At the threshold, I conclude that Plaintiff is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

I must next address whether Plaintiff's request for attorney fees was timely made. Section 2412 of the EAJA provides that a "party seeking an award of fees and other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses. . . ." 28 U.S.C. § 2412(d)(1)(B). In this circuit, the time for filing begins to run only when the underlying judgment has become final; i.e., 60 days after judgment was entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96 (W.D. Ky. 1986); *Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D.

Mich. 1987) (Cook, J.). As the filing date of Plaintiff's motion falls within these deadlines, I suggest it is timely.

Under the EAJA, a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). The government's "position" comprehends both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). Nor does its decision to withdraw its claims. *Grobbel*, 176 F.3d at 878.

In *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Supreme Court took pains to define "substantial justification." The Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as "[existence of] a genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as nonauthoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. Rep. No. 99-120, at 9 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 138).

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988).

In my Report and Recommendation, I suggested that substantial evidence failed to support the ALJ's conclusion that Plaintiff could undertake a range of light exertion work, as the ALJ improperly disregarded the well supported objective medical findings of Plaintiff's treating physicians. I further suggested that the ALJ's hypothetical questions could not serve as substantial evidence supporting his findings as they fail to incorporate the objective findings of an October

2001 MRI or the result of Plaintiff's treating physician's examinations of July, September and November 2001. The Commissioner filed no objections to the Report and Recommendation. Under the standards set forth above, I suggest that the position of the United States was not "substantially justified within the meaning of the EAJA." It lacks "a reasonable basis" in law. It is not justified to a degree that would satisfy a reasonable person familiar with the record and the controlling precedent in this circuit. I therefore suggest that counsel is entitled to the award of EAJA attorney fees and turn next to a consideration of the amount requested.

I have reviewed the affidavit of counsel setting forth the time and costs expended in the preparation of this case. I suggest that the total time spent is reasonable in light of the results achieved.

As to the hourly rate requested, the EAJA originally provided that an attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour <u>unless the court determines that an increase in the cost of living</u> or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, <u>justifies a higher fee</u>." 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). Counsel requests an hourly rate of $131.25. In support, counsel cites Consumer Price Index increases since the EAJA's enactment. (*See* Pl.'s Br. in Supp., Dkt. 21, Ex. A.) Moreover, in 1996, Congress amended the $75 per hour figure contained in § 2412(d)(2)(A) to $125 per hour. *See* "The Small Business Regulatory Enforcement Fairness Act of 1996," Pub. L. No. 104-121, § 232(b)(1) (effective March 28, 1996).

I therefore suggest that the hourly rate requested is reasonable. The EAJA specifically allows adjustment of the $125 per hour basic rate based upon increases in the cost of living. Counsel's use of the Consumer Price Index as the basis for this request is appropriate, and the

5

hourly rate requested is not out of line with "prevailing market rates." *Hayes v. Sec'y of Health & Human Servs.*, 916 F.2d 351 (6th Cir. 1990), *clarified on rehearing*, 923 F.2d 418 (6th Cir. 1991); *Brennan v. Sec'y of Health & Human Servs.*, No. 90-CV-70131-DT, 1990 WL 299413 (E.D. Mich., Dec. 11, 1990) (Hackett, J.).

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                             s/ *Charles E. Binder*
                                             CHARLES E. BINDER
Dated: July 8, 2005                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on James A. Brunson, Howard Slusky and Honorable David M. Lawson.


Dated:  July 8, 2005                        By       s/Mary E. Dobbick
                                                                                          Secretary to Magistrate Judge Binder